**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **LEILANI DURDEN, et al.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:24-CV-256 (MTT)** |
| | ) | |
| **AUTO-OWNERS INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

In its April 29, 2026 Order, the Court ordered the parties to "advise the Court by May 13, 2026 of any remaining issues." ECF 33 at 15. On May 13, Defendant Auto-Owners filed a "motion for clarification" (ECF 34) and Plaintiffs Leilani Durden and Michael Durden filed a Notice of Appeal (ECF 35). In Auto-Owners' motion, it states: "As this Court has granted Auto-Owners summary judgment with respect to all of the damages sought by Plaintiffs in this litigation, and as damages are an essential element of Plaintiffs' cause of action, Auto-Owners contends that Plaintiffs' breach of contract claim against Auto-Owners fails as a matter of law." ECF 35 at 5. Accordingly, Auto-Owners "respectfully requests this Court clarify whether its April 29, 2026 Order disposes of this matter in its entirety." *Id.*

In a way, the Court can understand Auto-Owners' request for enlightenment. The Court too looked for enlightenment in the parties' summary judgment briefs but found little. For example, now moot, neither party got around to addressing the guiding principle governing the suit limitation clause. The Court supplied that for the parties.

ECF 33 at 10–11. With regard to the issue of damages, the Durdens cited no policy provision supporting their damages claims. *See* ECF 30. In other words, the Court did not know what policy provision they claimed authorized them to recover damages. Auto-Owners cited a policy provision addressing measures of damages:

> The Policy provides that it will pay "the smallest of: 1) the limit of insurance applying to the damaged covered property; 2) the cost to replace the damaged covered property with equivalent construction for equivalent use at the residence premises; or 3) the amount actually spent to repair or replace the damaged covered property."

ECF 26-2 at 22. Then, Auto-Owners summed up its argument: "Given the foregoing, Plaintiffs have failed to provide any evidence that they are entitled to recover the amounts sought as necessary to repair or replace the covered damaged property with equivalent construction for equivalent use as per the terms of the Policy." *Id*. at 25–26.

The Court agreed that the Plaintiffs had not produced evidence that authorized recovery of "the cost to replace the damaged covered property with equivalent construction for equivalent use." ECF 33 at 13–14. As the Court stated in its Order, however, "[w]hether the Durdens have evidence of damages that fall within the scope of any other loss payment provision of the policy"—such as "the amount actually spent to repair or replace the damaged covered property"—"is not before the Court." *Id.* at 14; *see* ECF 1-2 ¶ 20 ("Because Auto-Owners has failed and refused to pay for additional covered losses under the policy, the Durdens have been forced to pay out of pocket for repairs and damages to windows and doors of their home."). That sentence supplies the clarification Auto-Owners is seeking. The Durdens seem to think final judgment has been entered. *See* ECF 35. They're wrong about that, but perhaps their Notice of

-3-

Appeal is an acknowledgment that they are proceeding solely under the replacement cost provision. But the Court is not sure.

      **SO ORDERED**, this 14th day of May, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
